## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **JUAN QUEZADA, on behalf of himself and other persons similarly situated,** | |
| Plaintiff, | Case No. 1:21-cv-4309 |
| v. | |
| **NIPPON EXPRESS USA INC.,** | (Removed from the State of Illinois, Circuit Court of Cook County, Chancery Division, Case No. 2021-CH-03046) No.: 2021-CH-03046) |
| Defendant. | |

### NOTICE OF REMOVAL

Defendant Nippon Express USA Inc. ("Defendant") hereby removes the above-captioned action, which is currently pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. This removal is based on jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), pursuant to 28 U.S.C. §§ 1332(d), 1441(b), and 1446. In support of its Notice of Removal, Defendant states the following:

### The State Court Action

1. On July 8, 2021, Plaintiff Juan Quezada ("Plaintiff") filed a putative class action lawsuit in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, entitled *Juan Quezada, on behalf of himself and other persons similarly situated,* Case No. 2021-CH-03046 (the "Action").

2. Defendant was served with a copy of the Summons and Complaint on July 13, 2021. This was Defendant's first formal notice of the Action. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the State Court File, including Summons and Complaint

served on Defendant is attached as **Exhibit A** ("Compl.").  No other process, pleadings or orders have been served on Defendant in this matter.

3.      This Notice of Removal is timely filed within 30 days of Defendant's receipt of service of the Complaint as permitted by 28 U.S.C. § 1446(b).

4.      Plaintiff brings his Complaint on behalf of a proposed classes of all individuals whose biometric data Defendant collected or stored in Illinois.  (Compl., ¶ 26).

5.      Plaintiff alleges that Defendant violated the Biometric Information Privacy Act ("BIPA" or the "Act"), 740 ILCS 14, by causing the biometric data from employees' fingerprints to be recorded, collected, and stored.  (*Id*., ¶¶ 17, 30).  Plaintiff further alleges that "[e]very instance of Defendant collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics identifiers and biometric information constitutes a violation of the Act."

6.      Defendant also alleges Defendant violated BIPA by:

- Failing to develop and/or make public its written policy to the Plaintiff and class members, in violation of 740 ILCS 14/15(a);

- Collecting, capturing, obtaining, and storing Plaintiff and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, in violation of 740 ILCS 14/15(b); and

- Failing to store class members biometric data using the reasonable standard of care within its industry and/or in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information, in violation of 740 ILCS 14/15(a).

(*Id*., ¶¶ 31-33).

7.      Plaintiff seeks liquidated damages or actual damages, whichever is greater, for each violation of the act.  (*Id*., ¶ 35, Prayer for Relief).  Plaintiff also seeks punitive damages, reasonable attorneys' fees and costs of this action, and pre- and -post judgment interest).  (*Id*., Prayer for Relief).

**Jurisdiction and Venue**

8.      Because the Circuit Court of Cook County, Illinois, County Department, Chancery Division lies in the Eastern Division of the Northern District of Illinois, this Court is the appropriate venue for removal.  See 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

9.      Based on the following, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. §§ 1332(d) because it is a civil action between citizens of different states and the amount in controversy for the Class members in the aggregate exceeds $5,000,000.[1]

**CAFA Jurisdiction**

10.      Removal jurisdiction exists because this Court has original jurisdiction over this action under CAFA.  *See* 28 U.S.C. § 1332(d).  In relevant part, CAFA grants district courts original jurisdiction over civil actions filed under federal or state law in which any member of a class of plaintiffs, which numbers at least 100, is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

11.      CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446.  As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

12.      Defendant is a corporation formed under the laws of New York.  **Exhibit B**, Declaration of Michelle Campos ("Campos Decl."), ¶ 4.  Defendant's principal place of business is in Illinois.  (Campos Decl. ¶ 4.)  Therefore, Defendant is a citizen of New York and Illinois.

13.      Plaintiff is also a citizen of Illinois.  (Compl. ¶ 12).  However, multiple putative class members are citizens of a state other than New York or Illinois.  (Campos Decl. ¶¶ 5-7.)

---

[1] Defendant does not concede, and specifically reserves the right to contest, all of Plaintiff's alleged factual assertions, legal contentions, and alleged damages.

For example, Michael Smith, Takashi Saito, and Shinichi Hisano, three putative class members, are citizens of Indiana. (Campos Decl. ¶¶ 5-7.)

14.     Thus, diversity for purposes of CAFA is satisfied because Defendant is a citizen of New York and Illinois, but at least one putative class member is a citizen of another state, Indiana.

15.     Defendant is not a state, state official, or other governmental entity, as required by 28 U.S.C. § 1332(d)(5)(A).

16.     The putative class consists of 100 or more individuals, as required by 28 U.S.C. § 1332(d)(5)(B). Here, Plaintiff alleges that "past and present employees of Defendant, Plaintiff and class members were required" to "clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine." (Compl. ¶ 3). While Defendant denies that its timekeeping system captured biometrics of Plaintiff or any putative class members as alleged in the Complaint, within the state of Illinois, at least 100, and approximately 170 employees, have been enrolled to use a timeclock that included scanning a portion of the employee's fingertip since July 13, 2016. (Campos Decl. ¶¶ 8-9). Accordingly, the putative class consists of more than 100 individuals.

17.     Though Plaintiff's Complaint is silent as to the total amount of damages claimed, their pleadings and putative class plausibly place more than $5,000,000 in controversy. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Blomberg v. Service Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).

18.     Plaintiff alleges Defendant owes statutory damages for each violation of BIPA which, for intentional and/or reckless violations, could amount to $5,000 per violation. (Compl. ¶¶ 34-35, Compl., Prayer for Relief, § D; 740 ILCS 14/20(2).) Plaintiff's Complaint alleges a

BIPA violation for each instance of collecting, capturing, storing, and/or sharing of biometrics, which Plaintiff alleges occurs each time an employee clocks in or out for a shift. (Compl. ¶¶ 3, 30). Within the state of Illinois, at least 100, and approximately 170 employees, have been enrolled to use Defendant's timeclocks that included scanning a portion of the employee's fingertip since July 13, 2016. (Campos Decl. ¶¶ 8-9). If each clock in and clock out is a violation of BIPA, as alleged by Plaintiff, those 170 employees would merely need to clock in and out for 4 shifts each to reach an amount in controversy of $6,800,000.[2] If any combination of these employees worked 501 shifts, it would reach an amount in controversy of excess of $5,000,000.[3] Nippon Express full-time hourly employees work approximately 250 shifts per year. (Campos Decl. ¶ 10). Nippon Express typically has at least 50 hourly employees of Nippon Express working on any given day, who would have used a timeclock that included scanning a portion of the employee's fingertip in Illinois, resulting in approximately 12,500 shifts being worked by them in a given year and approximately 50,000 shifts over four (4) years. (Campos Decl. ¶ 13). Based upon review of Nippon Express records, Nippon Express hourly employees worked more than a total of 1,000 shifts from July 13, 2016 to May 19, 2021. (Campos Decl. ¶ 12). Further, upon information and belief, since July 13, 2016, just Mr. Smith, Mr. Saito, and Mr. Hisano combined worked over 3,000 shifts. (Campos Decl. ¶ 11).

19. Therefore, while Defendant denies the validity and merit of all of Plaintiff's claims and denies his requests for relief thereon, the factual allegations in Plaintiff's Complaint put the total amount of damages at issue in this action in excess of $5,000,000, which exceeds this Court's jurisdictional minimum under CAFA.

---

[2] 170 employees * 4 shifts * 2 instances (clock in and out) * $5,000 = $6,800,000.
[3] 500 shifts * 2 instances (clock in and out) * $5,000 = $5,000,000.

-5-

20. As a result of the diversity of citizenship and amount in controversy, removal of this Action under CAFA is appropriate.

## Compliance With Procedural Requirements

21. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of Defendant's receipt of the Complaint.

22. Attached as **Exhibit C** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff Juan Quezada and the Class, as required by 28 U.S.C. § 1446(d), through their counsel, Roberto Luis Costales and William H. Beaumont, Beaumont Costales, LLC, 107 W. Van Buren, Suite 209, Chicago, Illinois 60605, rlc@beaumontcostales.com and whb@beaumontcostales.com.

23. A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Cook County. Attached as **Exhibit D** is a copy of the Notice to State Court of Filing Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County as required by 28 U.S.C. § 1446(d).

24. Defendant files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

WHEREFORE, having fulfilled all statutory requirements, Defendant Nippon Express USA Inc. hereby removes this Action from the Circuit Court of Cook County, County Department, Chancery Division to this Court and requests that the Court assume jurisdiction over the Action as provided by law and permit this Action to proceed before it as a matter properly removed thereto.

Dated:  August 12, 2021                    Respectfully submitted,

                                           **NIPPON EXPRESS USA INC.**

                                           *By: /s/ David K. Haase*
                                           One of Its Attorneys

David K. Haase
Littler Mendelson, P.C.
321 North Clark Street, Suite 1100
Chicago, IL  60654
Telephone: 312.372.5520
dhaase@littler.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 12, 2021, I caused the foregoing ***Notice of Removal*** to be

filed with the Clerk of the Court using the CM/ECF system, and to be served via e-mail on:

Roberto Luis Costales
William H. Beaumont
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, Illinois 60605
rlc@beaumontcostales.com
whb@beaumontcostales.com

*/s/ David K. Haase*
David K. Haase

4848-0367-2308.2 / 058934-1015

-8-